Good morning. May it please the Court, David Chandler, Jr. from Santa Rosa, California, on behalf of John and Deanne Blausey, debtors and appellate herein. This case involves certain disability benefits that my client, Deanne Blausey, has received since the mid-1990s. She receives those benefits pursuant to a policy that she paid for while working as a court reporter. She suffered a permanent physical disability, which prevents her from working as a court reporter. And pursuant to that disability policy, she receives benefits in the amount of $4,000 per month. Now, this appeal involves the interpretation of Section 101 of Title XI of the United States Code, which is the definitional section in the Bankruptcy Code. Counsel, before we get to there, we have this little interesting jurisdictional wrinkle. Let's say for the moment I believe that we could exercise jurisdiction. Why should we exercise jurisdiction, given that in Amalgamated we found good cause for noncompliance with FRAP 5, because, frankly, the Court adopted what might not be the most obvious interpretation of less, i.e., that it meant more, and that there might be some due process problems, not alerting the potential appellant of the need to comply. But here, FRAP 5, there doesn't seem to be that kind of equitable consideration here for noncompliance with FRAP 5. So can you explain to me why, why we should waive compliance with FRAP 5 in this case? Certainly. The procedural rule that addresses the timelines for requesting permission to appeal at the time this appeal was filed was not yet codified. It was the... Well, I'm not asking about that, actually. I've spotted you that we could exercise jurisdiction. Okay? I'm asking you why should we, because it's the two-part test. It's not just whether we can. It's also whether we should. Certainly. Well, this issue... FRAP 2 requires good cause. This issue is the starting point in the analysis in both Chapter 7 and Chapter 13. I mean, it is applied on a daily basis across the country. And as of this date, there is no controlling law on this issue. It is supremely important to all cases. And the uniform application of current monthly income is incredibly important. And given the fact that this procedural rule was not yet codified and the importance of the issue in all cases... Which procedural rule was not yet codified? I believe that there was a letter that was sent within the last week from counsel for Applee that mentioned the fact that bankruptcy rule 8001D has been put into effect within the last month. But there was still in the statute 158D that said you shall, within 10 days... Certainly. ...send your file with the circuit court clerk. It couldn't have been more specific than that. The statute... Certification. The statute that conferred jurisdiction had a footnote. And the... It's not a footnote. It's a note. We see them all the time. And admittedly, the request for permission was not kindly filed by the appellant. That is true. Now, what makes this case unique is that this, of course, this direct certification under the Bankruptcy Abuse Prevention and Consumer Protection Act had hardly been invoked at all at that point in time. In fact, the bankruptcy court itself wasn't that familiar with the procedure. And in this case, the record was transmitted to this court as soon as the notice of appeal was filed. I got you on all of that. I mean, and it got here within the 10 days and everything. I mean, the bankruptcy court sent it right along. But it wasn't compliant with FRAP 5, you'll agree. I mean... That's correct. Okay. And so what's the excuse for not complying with FRAP 5? The excuse is, number one, the importance of the issue. Number two, the debtor and the appellant in this matter unequivocally indicated an intent to appeal to this Court. The grounds for wanting to appeal and the basis for the certification was transmitted to this Court within the time period. And substantially, the rule was complied with. Now, was it the prettiest thing? Absolutely not. Would that mean, though, I mean, could you figure a case where a FRAP 5 excuse wouldn't take place then? Because every case, we've heard lots of important issues today. And, you know, the intent to appeal is always pretty clear. But FRAP 5 has things, hoops you have to jump through generally. Well, I think as is pointed out by the appellee, the bankruptcy court probably should have sent the record to the district court. And, in fact, in this case, that's what sets this apart from, I think, the average case, is that normally, had the same thing happened, there would have been no unequivocal intention expressed to this Court at that point. There was a notice of appeal. It didn't specify that we were wanting to, you know, desiring to be in this court. In fact, it just was a notice of appeal to the district court. So maybe that's where it should be. I mean. Well, I believe that's the proper procedure. You know, at the time the notice was filed, we had no idea whether it was going to be certified to this court. And we had to make an election within a certain time period, whether it go to the bankruptcy appellate panel or the district court. And so that election was made. However, we sought and ultimately obtained the certification at the trial court. In any event, may I move on to the next? I don't want to monopolize your time. Thank you very much. Section 101 has two subparts. Section 10110a, excuse me, has two subparts. 10a suba has a definition whereby current monthly income includes any and all income from all sources received within the last six months regardless or without regard to whether it's taxable income. Then subb goes on to augment suba by saying that current monthly income shall include amounts contributed by any entity other than the debtor on a regular basis for household expenses of the debtor. And then it goes on to exclude certain things from the definition of current monthly income. And, in fact, excludes three kinds of benefits but not yours. Indeed. Now, why don't you have a problem then with expressio unius exclusio ulterioris, I think it is. You include three, but you don't include the other. That's right. And I assume Congress doesn't wish to include the other. That's quite possible. I got my Latin right. At this juncture, this Court is being asked to interpret 10a, suba, and subb. The lower court interpreted 10a, the word income, to mean receipts. Subb was interpreted broadly enough to pull in basically any amounts that was received by the debtor regardless of what purpose it was paid so long as it was used for household expenses or available to be used. I don't want to put the cart in front of the horse here. The horse is the interpretation of those two subsections. And we need to get that right before we can then apply the facts to the rule. And we submit that the bankruptcy court got those interpretations wrong. I'm just saying. And the question is why. Because first you say it's not defined with respect to taxable income. So that's one principle. And then you have the big pot, if you will, with very distinct exclusions, which doesn't include yours. So under what theory of statutory interpretation would you win? My theory is that the term income means a gain or accession to wealth. And that is not, in fact, what this award was. The Court found that the applicable definition was receipts. And we feel that this Court should reverse the lower court, apply an interpretation of that provision to make it income, and then remand for proceedings consistent with that ruling. Isn't your definition of income just a backhanded paraphrase of the income of the tax code? It is. I think the case is, and I think you see this with the AFTC cases that are cited by Appellee, is that whenever income appears in Federal statutes, that's a natural place to look. It's the Internal Revenue Code where there's been probably the most litigation concerning the meaning of income. Except in this case where they say it's without regard to that code. Well, you know, interesting point. At the time that this case, the case was filed, at the time that this appeal was briefed, that issue hadn't been addressed. There has since, I'm sure you're aware, been the Wigeland decision, which is a Ninth Circuit bankruptcy appellate decision, where they address that and they say it specifically says it doesn't mean without regard to whether it's taxable income. Now, I think that that clause of 10a sub a is somewhat ambiguous, because if what Congress was trying to do is to say this is without regard to the Internal Revenue Code, it's rather curious that they chose a term that is in fact a defined term under the Internal Revenue Code. Well, but it's also kind of funny that they didn't refer to the Internal Revenue Code here when they did so many other places in the Act. I mean, when they want to talk about the code, they know exactly how to do it. Well, I think that the argument at the lower court was that they did refer to it, without regard to taxable income. And our position was, is that does refer to the Internal Revenue Code. But when Congress wishes to cite the Internal Revenue Code and rely on it, it's throughout the Act, littered throughout the Act. There are lots of examples where they did just that. So why should we impute such a reference here when it's not expressed where it's expressed elsewhere? And I think that's exactly what the Wigeland decision said. And that's why our argument goes further and says under – and I think that this is more precisely addressed in the reply brief, wherein I think that in response to the AFDC cases, which we feel at best raise the issue that this term, income, is ambiguous. And I think at that point we have to determine which definition is – is – Well, I'm not sure you answered the last question, but since you raised another issue I have, and once we get to ambiguity, goodness gracious, Congress couldn't have been clearer that this – this Act, for better or worse, was designed to really turn the screws, arguably, on – on debtors and – and to maximize the amount that they repay. So once we're in the ambiguity land and we start looking at purpose and history and, boy, that seems not to help you very much, you see. Well, I – I do not disagree with Your Honor on that point. However, I'd like to direct the Court to a case that was not decided at the time this matter was brief, and that is the – the Zahn case, which is 391 Bankruptcy Reporter 840. And in that case, the Eighth Circuit Bankruptcy Appellate Panel was called to determine whether certain IRA withdrawals were going to be – going to constitute current monthly income in the context of a Chapter 13. And in that decision, they addressed this head-on. And in – in that decision, I'm not – certainly not going to read it to you, but the decision cites comments made by Senator Orrin Hatch when Congress was discussing this statute. And what he talks about is certainly this was meant to determine, you know, the – the need for bankruptcy relief and be able to – to determine a – I think the precise word he uses is a predictable income stream. And I think the problem is, is if you apply receipts as the definition under 10a sub A, is that you are not going to have a predictable income stream. You are going to punish debtors who do what I think the responsible debtor should do, which is look to all available resources, and bankruptcy should be a place of last resort. And somebody who's getting loans from family members and selling off assets trying to get themselves out of a situation is going to be punished. And Senator Hatch refers to a vicious cycle that if you skew this current monthly income, you basically create a situation where debtors are, in many cases, going to be deprived of any relief, when, in fact, the predictable income stream is going to have no – no relationship whatsoever to this current monthly income. Now, I don't think that the appellee argues – I would like to reserve five minutes, so I guess we're there. So we're down to two. We're down to two. All right. Good morning. I'm Stephanie Marcus from the Department of Justice, and I represent appellee Sarah L. Kistler, acting United States trustee. I'd like to start on the jurisdictional issue, because we think this Court doesn't have jurisdiction to decide the appeal, because the time limit that was in effect at the time when the debtors filed their petition was a statutory time limit, which under both this Circuit's precedent and Supreme Court precedent is jurisdictional in nature. And appellant just acknowledged that debtors did not meet that time limit for filing the petition. That time limit was in a statute, and therefore, we believe that the motions panel got it wrong by granting the petition for permission to appeal. Counsel. So then are we – that raises an interesting question as to whether, having made that determination, we are stuck with it. No, Your Honor, you aren't. We cited several cases in our brief which say that the doctrine of law of the case does not apply with respect to jurisdictional decisions by the motions panel. And actually, this panel has a duty to reexamine a jurisdictional issue and to actually dismiss an appeal where it lacks jurisdiction. I do want to emphasize, though, that debtors will still have an appeal in district court. This is actually not as – not a harsh result as in the Supreme Court Bowles case, where the – there the petitioner actually went along with a district court error where the district court erroneously applied a longer deadline than the statute allowed, and then he was out of court. Here, the debtors will have an appeal, and they will have it in district court. Counsel, a few things are harsher than the result in Bowles, where the district court actually misstated the time in which the petitioner had, and the petitioner had to live with the district court's mistake. But here, I'm not sure I follow your statutory argument. I'll spot you. 158d2 says what it says, and it's 10 days. Got to get to the court of appeals, park the court of appeals. But here, at least as I understand the record, the bankruptcy court order approving certification transmitted to this court on May 22nd the petitioner's request for permission to appeal to this court. So something got here from petitioner within the 10 days. But with all due respect to that, whether that complies with FRAP 5 and whether we have good reason to excuse it under FRAP 2 is an interesting question. But something got here within 10 days under amalgamated for purposes of jurisdiction. We've got this holding that says so long as something kind of gets here, the statute's met. Well, as you pointed out yourself, Your Honor, amalgamated is distinguishable because I've asked questions. I've not pointed anything out. No. But amalgamated is distinguishable because there this court was holding that statutory language actually meant the opposite of the literal meaning. We have no prime. There was a due process issue there for that reason. Here But, counsel, we use that there as a basis for excusing compliance with particulars of FRAP 5. Right. Okay? Under FRAP 2, which we're entitled to do. Your argument's a little bit different. I mean, that's a secondary argument. But your primary argument is there's no statutory jurisdiction at all. At all. Period. As I understand it. That we can't we have no power to hear this case. But all 158d says is that something, a petition requesting permission to appeal, must be filed with the circuit clerk within 10 days. Well, we got something transmitted from the bankruptcy court here that looks like a request to appeal. Even though it may not be FRAP 5 compliant. Your Honor, the, if you look at 1233b before, it's the debtors themselves, the party requesting that this court hear the appeal. Right. Is required to file the petition. I've got it right here. I just read it to you. When the record was transmitted and that was an error by the bankruptcy court to transmit the record to this court. But it did. But it did. And, you know, it looks like a petition for permission to appeal what was transmitted on May 22nd and stand perceived on May 23rd. But I think if a district court, for example, transmitted itself because it felt so strongly a case should be appealed, a notice of appeal to the court of appeals, you wouldn't accept jurisdiction. Why not? Because the only passage, I think. But since you're arguing kind of a literal sort of argument, I feel it's a little bit fair, uses the passive. It says that it shall be filed. It doesn't say that the party must file it and the district court or the bankruptcy court can't. Well, it got here. It was filed. It was stamped, received. May 23rd. There are problems of notice to the other parties in the case. I mean, their record is transmitted. But that seems to me more of a FRAP 5, whether there's good cause to waive the FRAP 5 requirements under FRAP 2, kind of a discretionary sort of call rather than a jurisdictional one. I think here where you have a notice of appeal that doesn't comply with any of the reasons, you know, any of the requirements of FRAP 5. And that is what the motions panel here considered to be the sufficient petition for permission to appeal, that this court, I wouldn't think it would want to make a rule for future cases that if a court does transmit an entire record, that the court needs to go through the record and find something that looks like a petition for permission to appeal. I mean, to me, what the statute says clearly is that a petition for permission to appeal must be filed with the circuit court. And this was a request for certification. And the other point is that it has to be after certification. The request you're talking about that was in the record, it may have provided the reasons why the debtors thought certification was necessary or advisable, but it didn't do so after the certification. It's supposed to be a separate and meet. And the notice of appeal was also before certification. Counsel, why don't you go on to the merits? Okay. Yes, Your Honor, I will. And on the merits, we think the bankers report got it completely right, that this is an extremely expansive definition of income, that on the plain language of the statute, Congress defined it as monthly income from all sources, regardless of whether it's taxable, and that the exceptions that Congress included here show that private disability insurance payments must be included because they are not expressly excluded. If Congress provides a list of exceptions from a statutory coverage, the court can't imply any additional exceptions, which it would have to do here. And these exceptions also show the error in debtors' definition of income, because, you know, debtors allege that it's an accession to wealth or a gain from labor, services, selling of goods, purchases. But here, that wouldn't fit Social Security disability benefits. It wouldn't fit payments to victims of war crime or payments to victims of terrorism. So I think the exceptions Congress made also demonstrate that the disability insurance payments are included in the first place. And Congress also did reference the Internal Revenue Code and many other parts of the Bankruptcy Code. It has in other federal statutes, like parts of the Social Security Act that we cited. The fact that it didn't do so here is proof that Congress didn't want to import an Internal Revenue Code. How about if the debtor received, you know, purely compensatory payments, say insurance proceeds from a house fire or a burglary? Income? Yes, that would be income. And if it were received in its you're supposed to average the monthly income in the six months preceding. So it would be averaged out. But that would be a consideration that, you know, if that was a one-time payment, for example, as opposed to these monthly payments, which debtors' bankruptcy schedules show that Ms. Blousy has been receiving. In fact, they show that she had $48,000 in 2005 and 2006. So these are continuing monthly payments. So these are distinguishable in any event. They're also distinguishable for how we pointed out that the contract itself shows that they are replacement for wages. But even so, Your Honor, our position would be you would include those type of payments, but it could be considered in the U.S. trustee determination of whether to actually file a motion to dismiss or convert for substantial abuse or to decline to do so. As we pointed out, the U.S. trustee has that sort of prosecutorial discretion to look at the circumstances. And if it's a one-time payment based on a fire, then, you know, that's something the U.S. trustee would take into consideration because it may not be recurring. So that's why, and that's another reason why the statute doesn't create harsh results, overly harsh results for debtors because the U.S. trustee does have this discretion and there's a provision in the statute for special circumstances and, you know, including serious medical illness. And here none of those types of considerations apply. And here the U.S. trustee's position is that the bankruptcy court got it right. These disability income payments should be included. And if they're included, then the bankruptcy court did the right thing by dismissing for substantial abuse. So if there are no further questions, we ask that the court hold that it lacks jurisdiction in the alternative. If it finds that this is not jurisdictional, we hold that it is a mandatory rule and, therefore, that the appeal should be remanded to the district court. If it reaches the merits, we ask that the court affirm the bankruptcy court's holding. Thank you, Your Honor. Ginsburg. I wanted to ask you a question as a practical matter. If obviously your clients will get an appeal or an answer one way or the other, whether from us or the district court and then through the process, what would be the practical effect of delaying an answer to this question? The practical effect of delaying an answer to this question, I think, is beyond this case. I think what that means is that we have no precedent on something that is an absolutely fundamental issue to the Bankruptcy Code and the way that bankruptcies move through the courts today under the law. We have no precedent on the meeting of the Second Amendment until last year. We somehow survived. Is it really that important a thing? I think it is. I think with the economic crisis that we're all witnessing, I think the bankruptcy courts are absolutely vital. I think we're going to see them become even more vital in the coming months and years. And I think it's absolutely imperative that this issue be decided. Counsel. Yes. I think that implicit in Judge McKeown's question was what would be the effect on these particular parties, your clients? On these particular parties, I mean, we have no resolution. We have creditors who are sitting at bay, presumably. We have debtors who basically their lives are on hold. They're waiting, as Your Honors are well aware, this time. But getting creditors at bay is presumably a good thing from your client's perspective, isn't it? I think as a general matter, I think throughout bankruptcy we have competing themes of fresh start for debtor and equitable treatment of creditor. Just simply because I represent debtors doesn't mean that I don't acknowledge that there's – But here you're representing debtors. I understand that. I understand that. I think it is in everyone's interest. Would they be harmed in any way by delaying the resolution of this case? I think so. How? I think the delay depriving them of some resolution, I think, is harmful. And, in fact, they can't move on with – they don't know where they are. That's right. Okay. I would just in my final seconds like to point out that the problem with the United States trustees' interpretation of these two subsections is quite simple. It would render the other provisions superfluous if you interpret either section the way that the United States trustee, and secondly, it leads to absurd results. I think that by virtue of there being two subsections, they necessarily mean something different. If receipts is the definition of income, there is no need for subsection B. And if subsection B means any amount received from anybody that could be used for household expenses, then there is no need for subsection A. I think that the predictive income strain that Senator Hatch talks about is exactly what the means test was implemented for. And I think that that is the way that the rule should be applied by this Court, and I think the bankruptcy court should be reversed. Thank you. Thank counsel for their patience in waiting to be the last case argued today, and thank you for your argument. The case of Blousey v. Trustee is submitted and we're adjourned for the morning.
judges: Fletcher, McKeown, Gorsuch